IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
03 SEP 30 PM 1:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

WAYNE GRIFFIN, et al., )
      )
    Plaintiffs, )
      ) CIVIL ACTION NO.
v. ) 03-AR-2384-M
      )
OSBORN TRANSPORTATION, INC., )
et al. )
      )
    Defendants. )
      )

ENTERED
SEP 30 2003

### MEMORANDUM OPINION

The court has before it the motion of plaintiffs, Wayne Griffin and Betty Griffin, to remand the above entitled case, and the motion of defendant, Osborn Transportation, Inc. ("Osborn"), to sever and remand.

### Facts

Wayne Griffin was a truck driver employed by Osborn. He alleges that while employed by Osborn he was injured during the unloading of a truck "negligently, recklessly, and/or wantonly" loaded by defendant, The Goodyear Tire and Rubber Company ("Goodyear"). Wayne and his wife, Betty, are both residents of Alabama. Osborn is incorporated in Alabama, and its principal place of business is in Alabama. Goodyear is a Delaware corporation with its principal place of business in Ohio.

Wayne Griffin sued his employer, Osborn, in the Circuit Court of Etowah County, Alabama for benefits under the workers'

1

compensation laws of Alabama.  In the same suit, Wayne stated a tort claim against Goodyear.  Betty joined as a plaintiff only against Goodyear, claiming loss of consortium and services as well as emotional and mental distress.  The case was removed to this court by Goodyear on diversity grounds, arguing that the workers' compensation claim and the tort claim are "clearly separable" and thus that plaintiffs fraudulently joined Osborn, a non-diverse defendant.  There is no argument about the existence of $75,000 in controversy.

## Analysis

An action can be removed despite a lack of complete diversity if the joinder of the non-diverse party was fraudulent.  Traditionally, fraudulent joinder has been proven by showing that the plaintiff either (1) has no possibility of establishing any cause of action against the non-diverse defendant, or (2) fraudulently pled jurisdictional facts in order to bring the non-diverse defendant into court.  *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  The Eleventh Circuit has added a third type of fraudulent joinder: fraudulent misjoinder under Rule 20(a) of the Federal Rules of Civil Procedure.  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996);

*Triggs,* 154 F.3d at 1287. Fraudulent misjoinder occurs where the plaintiff joins a diverse defendant with a non-diverse defendant "as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs,* 154 F.3d at 1287 (*citing Tapscott,* 77 F.3d at 1360). Mere misjoinder is not fraudulent joinder; the misjoinder of the non-diverse party must be egregious. *Tapscott,* 77 F.3d at 1360. In all three types of fraudulent joinder, the removing party has the burden of proving fraudulent joinder by clear and convincing evidence. *Brooks v. Paulk & Cope, Inc.,* 176 F.Supp.2d 1270, 1274 (M.D. Ala. 2001).

Although Goodyear does not explicitly say which application of the fraudulent joinder rule it believes applies to this case, the court infers that Goodyear believes the third ground is applicable here. This ground of fraudulent joinder is based upon the language of Alabama Rule of Civil Procedure 20(a), which is virtually identical to Federal Rule of Civil Procedure 20(a). *See Tapscott,* 77 F.3d at 1360. Rule 20(a), A. R. Civ. P., in pertinent part, provides:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

3

This language is broad enough to encourage a joinder of Wayne's statutory claim against his employer with his claim against a third party tortfeasor. He seeks several liability against two defendants arising from the same occurrence. Unless Goodyear can demonstrate that a binding Alabama court has clearly countermanded this possibility inherent in Rule 20(a), Goodyear has not demonstrated misjoinder, let alone met its burden of proving fraudulent misjoinder by clear and convincing evidence.

The court finds persuasive the holdings in *Brooks v. Paulk & Cope, Inc.* and *Erwin v. Taylor-Made Lumber Co.* In *Brooks*, the Middle District of Alabama faced almost exactly the issue this court faces. *See Brooks*, 176 F.Supp.2d at 1274. Plaintiff, Charlie Brooks ("Brooks"), was employed by defendant Paulk & Cope, Inc. ("Paulk & Cope"). *Id.* at 1273. Both were residents of Alabama. *Id.* at 1272. Brooks was injured on the job. *Id.* at 1273. Brooks brought a claim against Paulk & Cope for workers' compensation benefits and simultaneously a tort claim against non-resident defendants, SPX Corporation and Carquest Auto Parts and Tools of Montgomery, AL, Inc. ("SPX" and "Carquest" respectively). *Id.* at 1272. Pursuant to the third fraudulent joinder rule, SPX and Carquest argued that Brooks "fraudulently joined a claim for workers' compensation benefits against a resident defendant with a third party tort claim against two foreign corporations who would have been entitled to remove had

4

the claim for workers' compensation benefits against the resident defendant not been joined." *Id.* at 1274. The *Brooks* court noted that a remand of the workers' compensation claim could not be avoided. *Id; see also* 28 U.S.C. § 1445(c). The remaining issue considered by that court was "whether the entire case is due to be remanded, or whether this court may sever the workers' compensation claim, remand it, and then entertain jurisdiction over the tort claims asserted against the non-resident defendants." *Id.* The court held that SPX and Conquest were not misjoined under Rule 20(a) because Brooks sought "several liability against two defendants for damages sustained as a result of the same alleged work-related incident." *Id.* at 1276. The court added that even if there was misjoinder, it could not be classified as "egregious," considering the lack of any Alabama authority requiring severance in such cases. *Id.* at 1277. Consequently, the court remanded the entire case. *Id.*

In *Erwin*, in an order remanding the case to state court a judge of the Northern District of Alabama spoke to the very issue now before this court. Plaintiff, Raymond Erwin, sued an Alabama corporation, Taylor-Made Lumber Company ("Taylor-Made"), for workers' compensation benefits and sued a non-resident corporation, Yates-American Machine Co., Inc. ("Yates"), in tort. *Erwin v. Taylor-Made Lumber Co.*, CV-02-BE-1120-W, at 1 (N.D. Ala. May 29, 2002) (order remanding case to state court). In its

5

notice of removal, Yates asserted that Taylor-Made was fraudulently joined in order to defeat diversity. *Id*. The *Erwin* court held that "Yates has not met the high standard of proving fraudulent joinder. The court finds that the workers' compensation claim against Taylor-Made Lumber Company is not fraudulently joined with the state tort claims against Yates...." *Id*. at 3. The court cited *Brooks*. *Id*. at 1-2.

Despite the language of Rule 20(a) and the holdings in *Brooks* and *Erwin*, Goodyear insists that the joinder in this case was fraudulent. First, Goodyear cites *Ex parte Jackson* as conclusive authority for the proposition that joinder of negligence and workers' compensation claims is improper. (Def. Goodyear Br. Opp'n Mot. Remand at 1-2). In *Ex parte Jackson*, plaintiff sued his employer in an Alabama court under the workers' compensation statute and sued several co-employees for negligence. *Ex parte Jackson*, 485 So.2d 1116, 1117 (Ala. 1986). The trial court severed the two claims and transferred the negligence case to another county where venue was proper. *Id*. Plaintiff then filed a petition for writ of mandamus seeking to vacate the order transferring the negligence case. *Id*. In deciding upon the writ, the *Ex parte Jackson* court accepted

> as correct the trial court's conclusion that the workmen's compensation claim could not be joined with the negligence claims. While the workmen's compensation claims and the negligence claims may have arisen from the same set of operative facts it may well be that they did not have common questions of law or

6

>  fact. The issues raised by a workmen's compensation
>  claim are entirely different from those raised by a
>  negligence action.

*Id.* at 1117-18. Goodyear says that this quotation from the Alabama Supreme Court establishes that the high court has "made it clear that workers' compensation claims and tort claims do not have common issues and should not be joined pursuant to Rule 20." (Def. Goodyear Br. Opp'n Mot. Remand at 2). *Ex parte Jackson* was decided in 1986. Why, then, did the courts in *Brooks* and *Erwin* and this court in *Priest v. Sealift Servs. Int'l, Inc.*, 953 F.Supp. 363 (N.D. Ala. 1997), not feel bound by *Ex parte Jackson*? They were decided well after *Ex parte Jackson*.

This court does not agree with Goodyear's interpretation of *Ex parte Jackson*. The *Ex parte Jackson* court accepted as correct the *severance* of the cases, something clearly allowed by Rule 21, A. R. Civ. P. The court did not hold that such cases could never be *joined*, no matter how many issues they might share. That question is still unresolved under Alabama law. *See Priest*, 953 F.Supp. at 364 (noting the practice of Alabama trial judges to try to a jury tort counts against alleged non-employer tortfeasors while reserving to themselves separate workers' compensation claims based on the same evidence); *Brooks*, 176 F.Supp.2d at 1277 (noting that "there appears to at least be a question under Alabama law as to whether the joinder of a

7

workers' compensation claim and tort claim against a third party is proper permissive joinder"); *see also Erwin*, CV-02-BE-1120-W, at 3.

While the *Ex parte Jackson* court was correct in repeating the obvious fact that workers' compensation cases raise different legal issues from those raised in tort cases, there are, nevertheless, reasons why such cases might profitably be dealt by the same judge, even if severed for some purposes. For instance, the claims undoubtedly arise from the same set of essential facts. Trying the claims together in part saves having to conduct two completely separate, full scale trials. *See Priest*, 953 F.Supp. at 364. In addition, as this court noted in *Priest*, a case that involved the joinder of a workers' compensation claim and a tort claim, "[i]f this court should take jurisdiction only of the negligence claim and if plaintiff should prevail here before his workers' compensation claim is concluded in the state court, plaintiff theoretically could spend the proceeds of his tort recovery without his employer ever having the opportunity to" seek subrogation. *Priest*, 953 F.Supp. at 364. The ultimate Alabama issue of whether workers' compensation claims and tort claims should or should not be tried together is not before this court. It is enough, for the purposes of this case, to note that the issue has not been unequivocally resolved in Alabama. *Ex parte Jackson* does not resolve it. *Ex parte Jackson* can best

8

be explained by the fact that the venue of the tort claim and the venue of the workers' compensation claim were different. Under such circumstances it is understandable that the claims could not be joined.

Goodyear next argues that the differing procedures following a trial on the merits supports the inappropriateness of joining workers' compensation claims and tort claims. (Def. Goodyear Br. Opp'n Mot. Remand at 2-3). It argues that the Alabama Court of Civil Appeals would have exclusive jurisdiction over an appeal from the workers' compensation claim while the Alabama Supreme Court would have jurisdiction over an appeal from the tort claim. *Id.* at 3. This would, of course, not be true if a judgment against Goodyear proves to be small enough. And, this court fails to see how differing appeal procedures undermines the application of Rule 20(a). Goodyear has, at most, demonstrated a potential disadvantage to joining workers' compensation claims and tort claims, but it has not met its "heavy" burden of proving fraudulent joinder. *See Pacheco*, 139 F.3d at 1380. What the state court will do with a severance motion on remand is not for this court to guarantee or to guess at.

### Conclusion

For the reasons discussed, this court concludes that defendant Osborn was not fraudulently joined. Therefore, this case lacks complete diversity among the parties. By separate

9

order, this court will grant plaintiffs' motion to remand and will deny Osborn's motion to sever and remand as moot.

DONE this ___30th___ day of September, 2003.

                                                  WILLIAM M. ACKER, JR.
                                                  UNITED STATES DISTRICT JUDGE